UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> DOCTOR ROHANDA, ) <br> ) <br> Defendant. ) | No. 1:21-cv-02284-TAB-JMS |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Christopher Michael Johnson, a former inmate at the Marion County Jail brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that when he was confined at the jail defendant Dr. Rohanda failed to provide him proper medication and medical care. Dr. Rohanda has moved for summary judgment, arguing that Johnson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act. For the reasons set forth below, Dr. Rohanda's motion for summary judgment, dkt. [28], is granted.

**I.
BACKGROUND**

**A. Grievance Process**

The jail has a standardized offender grievance process. Dkt. 28-1 at 1-2. The grievance process is noted in the inmate handbook and is provided to inmates upon their arrival at the jail. *Id.* at 2. Inmates also have access to a current copy of the handbook and can request a copy at any time. *Id.* The purpose of the grievance process is to provide individuals in the jail with a means of resolving concerns and complaints related to the conditions of their confinement. *Id.* Complaints about medical treatment may be addressed through the grievance process. *Id.*

The grievance process consists of three stages: (1) an informal attempt to solve a problem or concern; (2) a formal grievance following unsuccessful attempts at informal resolutions; and (3) a written appeal to the jail commander or his/her designee. *Id.* The process begins when an inmate files an informal grievance within seven days of an incident. *Id*. A written resolution is to be delivered to the inmate within fifteen days of the grievance deputy's receipt of the informal grievance. *Id*. at 3. An informal grievance must be completed before a formal grievance may begin. *Id*.

A formal grievance must be filed within seven days of the inmate's receipt of the informal resolution. *Id.* A written resolution to the formal grievance is to be delivered within fifteen days of the grievance deputy's receipt of the formal grievance. *Id*. Inmates may also file emergency grievances, which are delivered directly to the supervisor on duty. *Id.*

### B.  Johnson's Participation in the Grievance Process

Deputy Chief Tanesha Crear reviewed Johnson's grievance history, which included his informal grievances, formal grievances, emergency grievances, and appeals. *Id*. at 4. Crear submitted an affidavit to the Court setting forth Johnson's grievance history relevant to his complaint against Dr. Rohanda. *Id*.

As set forth in Crear's affidavit, on July 26, 2021, Johnson filed a Jail Inmate Informal Grievance stating that he had not received his Gabapentin medication since July 19, 2021. *Id*. Megan Andrews investigated Johnson's informal grievance and responded on August 11, 2021. *Id*. Andrews' response stated that the medical provider had declined to initiate Gabapentin and had

substituted the medication with Naprosyn. *Id*. Johnson did not subsequently submit a formal grievance or any appeal regarding the issue.

On August 28, 2021, Johnson filed a Jail Inmate Informal Grievance "Emergency" stating that a nurse refused to bring him his midday medication on August 26, 27, and 28. *Id*. at 5. Following an investigation of this grievance, Andrews responded on September 2, 2021, indicating that the grievance had been received and reviewed and that the director of nursing had been made aware of Johnson's concern. *Id*. Johnson did not subsequently submit a formal grievance or any appeal regarding the issue.

Johnson has not filed any formal grievances or appeals in furtherance of the informal grievances filed on July 26, 2021, and August 28, 2021, and the responses received. *Id*. Yet Johnson is no stranger to the grievance process: he "has filed many grievances, including ones where he exhausted the entire grievance process." *Id*. at 6.

## II.
## DISCUSSION

Dr. Rohanda seeks summary judgment arguing that Johnson failed to exhaust his available administrative remedies as required by the PLRA. A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

3

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendant's burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

As Dr. Rohanda argues, the undisputed evidence demonstrates that Johnson completed only the initial step of the three-step process and therefore failed to exhaust his administrative remedies despite the availability of the process to him. *See* dkts. 28 at 8-9; 34 at 1-2.  In response,

Johnson states, without further explanation, that Crear's affidavit is "not supported by admissible evidence" and that he was not issued an inmate handbook. Dkt. 33 at 1. He also attaches a "Prison Legal News" article to support his apparent position that he is not required to exhaust his administrative remedies before filing a § 1983 suit. *Id*. at 5-6.

Johnson's response is inadequate to avoid summary judgment. Nowhere in Johnson's response does he allege that he was unaware of the three steps of the jail grievance policy or that the grievance process was somehow unavailable to him. *Id*. Nor does Johnson dispute Crear's assertions that inmates at the jail have access to a current copy of the handbook and can request a copy at any time. Likewise, Johnson does not contest that he has successfully grieved other issues to exhaustion through the jail grievance procedure. *Id*.

The undisputed evidence compels the conclusion that Johnson failed to complete the three steps of the applicable grievance process with respect to the claims alleged in this action. It necessarily follows that Johnson failed to exhaust his available administrative remedies prior to bringing this action, and that his claims must be dismissed without prejudice. *Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004)* (holding that "all dismissals under § 1997e(a) should be without prejudice.").

### III.
### CONCLUSION

For these reasons, Dr. Rohanda's motion for summary judgment, dkt. [27], is granted, and the action is dismissed without prejudice. Judgment consistent with this order shall now issue.

**SO ORDERED.**

Date: 12/16/2022

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record via email

CHRISTOPHER MICHAEL JOHNSON
270993
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391